**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MANUEL GUADALUPE,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:05-cv-1035-Orl-28DAB**

**BAGEL KING WHOLESALE, INC.,**
**SCOTT TOURNOUR,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

    The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* The parties filed the terms of their settlement agreement on August 8, 2006. Doc. No. 22.

Based on pleadings, Plaintiff was employed by Defendants as a delivery driver from February 2004 to May 2005. Doc. Nos. 1, 10. Plaintiff sought approximately $229.50 for alleged 17 hours of uncompensated overtime worked, plus liquidated damages of $229.50. The settlement to Plaintiff of $300.00 in unpaid wages and liquidated damages represents approximately 60% of the amount Plaintiff sought. Doc. No. 22.

The parties have agreed that Defendants will pay Plaintiff's attorneys $1,200 in attorney's fees and costs. Doc. No. 22. Plaintiff's counsel who litigated the case on behalf of Plaintiff, Mr. Charles Scalise has been awarded an hourly rate of $250 by this Court in other cases. The attorney's fee portion of the settlement of $1,200 equates to roughly five hours of work attributable to litigation of the case, which is not unreasonable under the circumstances of this case.

Settlement in the amount of $300 to Plaintiff for unpaid wages and liquidated damages, and $1,200 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 28, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy